IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY TISE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:16-cv-1379 |
| | § | |
| CAMERON RIG SOLUTIONS, LLC; | § | |
| CAMERON RIG SOLUTIONS II, | § | |
| INC.; CAMERON INTERNATIONAL | § | |
| CORPORATION; ONESUBSEA, | § | |
| LLC; and SCHLUMBERGER | § | JURY DEMANDED |
| LIMITED | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Nancy Tise ("Plaintiff") in the above-styled cause complaining of and about Cameron Rig Solutions, LLC; Cameron Rig Solutions II, Inc.; Cameron International Corporation; OneSubsea, LLC; and Schlumberger Limited ("Defendants" or "Cameron") and for cause of action files this, her Plaintiff's Original Complaint, showing to the Court the following:

### I.   PARTIES

1.   Plaintiff, NANCY TISE, is an individual residing in Houston, Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.   Defendant CAMERON RIG SOLUTIONS, LLC is conducting business in Houston,

Harris County, Texas. Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

3. Defendant CAMERON RIG SOLUTIONS II, INC. is conducting business in Houston, Harris County, Texas. Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4. Defendant CAMERON INTERNATIONAL CORPORATION is conducting business in Houston, Harris County, Texas. Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

5. Defendant ONESUBSEA, LLC is conducting business in Houston, Harris County, Texas. Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6. Defendant SCHLUMBERGER LIMITED is conducting business in Houston, Harris County, Texas. Defendant may be served with process through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

8. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent state claims arising under the Texas Commission on Human Rights Act

("TCHRA"), Texas Labor Code §21.051, *et seq*., because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

9. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### III. NATURE OF THE ACTION

10. This is an action against Defendant pursuant to the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.); Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-2(a); the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §21.051, *et seq*. on the grounds that Plaintiff was discriminated against because of her race (Caucasian), color (white), age (fifty-seven (57)), and in retaliation for complaining to HR about race, color, and age discrimination.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On May 31, 2013, Plaintiff filed a charge of discrimination based on race, color, age, and retaliation with the U.S. Equal Employment Opportunity Commission; Charge No. 846-2013-18975. This charge was filed within 180 days of the last discriminatory act, Plaintiff's termination on January 29, 2013. Subsequently, on February 17, 2016, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff her Notice of Right Sue. See Exhibits A and B. Plaintiff files this lawsuit within ninety (90) days of receiving her Notice of

Right to Sue and her lawsuit is, therefore, timely filed.

## V.   FACTS

12.   Plaintiff is fifty-seven (57) years old, and was fifty-five (55) at the time of these events.

13.   Plaintiff is Caucasian and has light skin color.

14.   Plaintiff has twenty-five (25) years of experience in the oil and gas industry.

15.   In mid-2012, Cameron had two (2) job openings, one for Customer Service Supervisor and one for Customer Service Specialist.

16.   Plaintiff has two (2) years of supervisory experience.

17.   LaShawn Crawford was given the Customer Service Supervisor position.

18.   Ms. Crawford is around thirty (30) years old.

19.   Ms. Crawford is African-American and has dark skin color.

20.   Ms. Crawford was a welder, then worked as a Sales Representative for about a year, then a Specialist for one (1) or two (2) years.

21.   Plaintiff was given Ms. Crawford's old position of Customer Service Specialist.

22.   Plaintiff began working at Cameron on July 16, 2012.

23.   Customer Service Specialists handle a few big accounts, whereas Customer Service Representatives handle many small accounts.

24.   When Plaintiff was hired, Ms. Crawford told her that she would only be handling the Transocean Drilling account.

25.   This account had been Ms. Crawford's, and it had 650 past-due line items that needed to be fixed. Furthermore, Ms. Crawford had never run an open order report for it.

26. Although Plaintiff had been told she would only be handling Transocean, she was also assigned another big account, Noble Drilling.

27. On top of these, Plaintiff was then given the N-R small accounts, which she worked on with a Customer Service Representative.

28. Customer Service Representatives normally share these accounts with another Customer Service Representative.

29. Plaintiff was the only Customer Service Specialist forced to work on small accounts like this.

30. There are two (2) other Customer Service Specialists, Kevin Skinner (Caucasian, light skin color, age twenty-nine (29)) and Trey Randall (African-American, dark skin color, around age thirty-three (33)).

31. Mr. Skinner handled two accounts, one small and one large.

32. Mr. Randall only handled one large account, Rowan.

33. The Customer Service Representatives, who handled the smaller accounts, also reported to Ms. Crawford.

34. They include Tonya Malbreaux (African-American, dark skin color), Brayanna Thierry (African-American, dark skin color), Stephanie Davis (African-American, dark skin color), Jared Bernard (African-American, dark skin color), Kristy Reyes (Hispanic, medium skin color), and Juan Lozada (Hispanic, medium skin color). All of the Representatives are under forty (40) years old.

35. The Customer Service Specialists shared an office, but Ms. Crawford moved Plaintiff out

of the office into a cubicle right outside of her office window. She then put a Customer Service Representative in the office with the other Specialists.

36. Customer Service Specialists were salaried, while the Customer Service Representatives were hourly. Plaintiff was required to work as much as thirteen (13) to fourteen (14) hours per day, while the other Specialists only worked eight (8) hours per day.

37. Plaintiff was also required to come in on Saturdays to help with the Customer Service Representatives' accounts, while the other Specialists were not.

38. Because Plaintiff had so many accounts, she received a large number of emails every day. Plaintiff was good about responding to her emails, unlike the Customer Service Representatives, who had issues with this every day. On the one occasion that Plaintiff missed an email, Ms. Crawford wrote her up for it. This is in contrast to how she treats the Customer Service Representatives who messed up daily, who were only given oral reprimands.

39. Ms. Crawford said "good morning" every morning to everyone except Plaintiff.

40. Ms. Crawford would take everyone to lunch on the company credit card except Plaintiff.

41. Plaintiff overheard Ms. Crawford talking about her to other coworkers, saying Plaintiff was making mistakes, complaining about how much Plaintiff was paid, and claiming Plaintiff lied to her about how much work she was accomplishing.

42. Around December of 2012, Ms. Crawford heard that her boss, Rem Moreland, was going to take a promotion and they were going to hire some Caucasian guy to replace him. Ms. Crawford told Trey and Tonya that this guy was "against black people," said they need to stick together, and began chanting "Black Power" in the office, holding her fist up.

43. Ms. Crawford often made statements such as "us black people, we're not gonna take that from nobody," "us black people need to stick together," and similar comments.

44. On the morning of Friday, January 25, 2013, Plaintiff called Stacy Cook, the HR Manager, and reported the race, color, and age discrimination. Ms. Cook then asked her to write out the issues and what her proposed solution was.

45. Plaintiff did this, and asked to meet with Ms. Cook on Monday, January 28, 2013. Ms. Cook said she could not meet with her, but agreed to meet her outside of the building to accept the written complaint from Plaintiff.

46. The next day, Tuesday, January 29, 2013, Ms. Cook arranged a meeting with Plaintiff for 3:30 on the 30th, and Plaintiff cancelled her 2 o'clock dentist appointment for that day accordingly. Plaintiff assumed this meeting would be about her proposed solution to the problems with Ms. Crawford, which involved her transferring to another department, so Plaintiff took some of her belongings to her car.

47. In the midst of her work around 3:45 PM that day, Ms. Cook called Plaintiff and asked why she was not at the meeting. Plaintiff responded that the meeting was tomorrow. Ms. Cook said that it was today, and Plaintiff told her she would come over. Plaintiff took her computer and went to drive to the other building. Gary Burns stopped her at the gate and told her that Ms. Cook, Mr. Moreland, and Ms. Crawford would be meeting with her in this building. He then escorted her back into the building as her coworkers looked on.

48. Ms. Cook then yelled at Plaintiff in the front lobby and terminated her in front of all of her coworkers. Ms. Cook demanded that Plaintiff turn over her badge, but Plaintiff had some

difficulty getting it out of its holder. Mr. Moreland tried to grab it, but Plaintiff told him that she had it, then gave it to Ms. Cook. Plaintiff was then escorted to her car by Mr. Burns and was brought her some of her stuff. Because this was done in front of her coworkers, this was a very embarrassing and traumatizing event for Plaintiff.

49. Plaintiff had always received good performance ratings, so it is clear that she was terminated simply in retaliation for her complaint.

50. Plaintiff has since been blackballed from oil and gas jobs by Ms. Cook and eventually had to take a job outside of the oil and gas industry that she had worked in for twenty-five years.

51. Plaintiff has experienced significant emotional distress as a result of these incidents. She has even seen a psychiatrist and been prescribed antidepressants.

## VI. COUNT 1: TITLE VII RACE DISCRIMINATION

52. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

53. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her race (Caucasian).

54. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race (Caucasian) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII. COUNT 2: § 1981 RACE DISCRIMINATION

55. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

56. Defendants intentionally engaged in unlawful discriminatory practices against Plaintiff because of her race (Caucasian).

57. Defendants discriminated against Plaintiff in connection with the making, performance, modification, and termination, and the enjoyment of all benefits, privileges, terms, and conditions of the employment relationship because of her race (Caucasian), in violation of 42 U.S.C. § 1981.

## VIII. COUNT 3: TCHRA RACE DISCRIMINATION

58. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

59. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her race (Caucasian).

60. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race (Caucasian), in violation of Texas Labor Code § 21.051.

## IX. COUNT 4: TITLE VII COLOR DISCRIMINATION

61. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

62. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her skin color (light skin color).

63. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's skin color (light skin color) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## X. COUNT 5: TCHRA COLOR DISCRIMINATION

64. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

65. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her skin color (light skin color).

66. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's skin color (light skin color), in violation of Texas Labor Code § 21.051.

## XI. COUNT 6: ADEA AGE DISCRIMINATION

67. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

68. Defendants intentionally engaged in unlawful employment practices involving Plaintiff

because of her age (fifty-five (55) years old at the time of these events).

69. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age (fifty-five (55) years old at the time of these events), in violation of the Age Discrimination in Employment Act.

### XII. COUNT 7: TCHRA AGE DISCRIMINATION

70. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

71. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her age (fifty-five (55) years old at the time of these events).

72. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age (fifty-five (55) years old at the time of these events), in violation of Texas Labor Code § 21.051.

### XIII. COUNT 8: TITLE VII RETALIATION

73. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

74. Defendants intentionally retaliated against Plaintiff by terminating her because she complained to HR about race, color, and age discrimination, in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## XIV.  COUNT 9: §1981 RETALIATION

75. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

76. Defendants intentionally retaliated against Plaintiff by terminating her because she complained to HR about race, color, and age discrimination, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## XV.  COUNT 10: TCHRA RETALIATION

77. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

78. Defendants intentionally retaliated against Plaintiff by terminating her because she complained to HR about race, color, and age discrimination, in violation of Chapter 21 of the Texas Labor Code.

## XVI.  JURY DEMAND

79. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## XVII.  PRAYER

80. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Past physical pain and mental suffering;

c. Present physical pain and mental suffering;

d. Future physical pain and mental suffering;

e. Compensatory damages, including, but not limited to, emotional distress;

f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g. Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

h. Pre-judgment interest at the highest rate permitted by law;

i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j. Costs of Court; and

k. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully submitted,


kennard richard P.C.

By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No. 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Shelby C. Vick
Texas Bar No. 24073498
Southern District No. 2489449
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: shelby.vick@kennardlaw.com